**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**RICKEY GRANGER,**

      **Plaintiff,**

**-vs-**                **Case No. 6:08-cv-1283-Orl-31KRS**

**WATER SPORTS MANAGEMENT, INC.,
and DAVID BENJAMIN,**

      **Defendants.**

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

  This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **NOTICE OF SETTLEMENT AND JOINT MOTION FOR APPROVAL OF SETTLEMENT (Doc. No. 19)** |
| **FILED:** | **March 11, 2009** |

**I. PROCEDURAL HISTORY.**

  This case was brought by Plaintiff Rickey Granger under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.* Granger and Defendants Water Sports Management, Inc., and David Benjamin seek the Court's approval of their settlement.

  On March 11, 2009, the parties filed their amended joint motion with an executed copy of the settlement agreement. Doc. Nos. 19, 19-2. On March 23, 2009, the Court noted that it appeared from the motion that Granger had compromised his claim under the FLSA, and ordered Plaintiff's counsel to file a sworn declaration as to whether any agreement could decrease Plaintiff's recovery if the Court

determined that a reasonable attorney's fee, including costs, was less than the amount contemplated by the settlement agreement. Doc. No. 21. On March 31, 2009, Granger's attorney, Konstantine Pantas, Esq., filed an Affidavit of Precise Final Distribution of Settlement Funds, time entries, and cost invoices. Doc. Nos. 25, 25-2, 25-3.

The parties' joint motion seeks approval of a settlement of $13,943.00 to Granger ($4,680.00 in unpaid overtime, $4,680 in liquidated damages, and $4,583.00 in unpaid back pay),$26,057.00 in attorney's fees and costs to Pantas Law Firm, P.A., and dismissal of the case with prejudice. Doc. Nos. 19 at 5, 19-2 at 4. As the motion is unopposed, and Pantas has filed his affidavit containing an explanation of the settlement distribution, it is ripe for consideration.

## II. APPLICABLE LAW.

In *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-55 (11th Cir. 1982), the United States Court of Appeals for the Eleventh Circuit explained that claims for compensation under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness." *Id.* at 1353. In *Silva v. Miller*, No. 08-12011, 2009 WL 73164 (11th Cir. Jan. 13, 2009),[1] the Eleventh Circuit wrote that the FLSA "contemplates that 'the wronged employee should receive his full wages plus the penalty without incurring any expense for legal fees or costs.'" *Id.* at *1 (quoting *Maddrix v. Dize*, 153 F.2d 274, 275-76 (4th Cir. 1946)). Therefore, in any case in which

---

[1] The Court recognizes, as it has in the past, that the Eleventh Circuit's unpublished opinions represent persuasive authority, rather than binding precedent. *See* 11th Cir. R. 36-2 and I.O.P. 6.

a plaintiff agrees to accept less than his full FLSA wages and liquidated damages, he has compromised his claim within the meaning of *Lynn's Food Stores*.

When a settlement agreement includes an amount to be used to pay attorney's fees and costs, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva*, 2009 WL 73164, at *2. If the Court finds the payment to the attorney is not reasonable, the Court must consider whether a plaintiff's recovery might have been greater if the parties had reduced the attorney's fee to a reasonable amount.

### III. ANALYSIS.

#### A. Settlement Recovery.

In his affidavit, Pantas averred that "Plaintiff stated in his Answers to Defendants' Interrogatories that he was owed $4,680.00 in unpaid overtime and an additional equal amount as liquidated damages," for a total of $9,360.00 Doc. No. 25 at 3, n.1. The settlement agreement provides for a settlement in the amount of $13,943.00 to Granger. Doc. No.19-2 at 4. Pantas attested that "based on Plaintiff's calculated amount owed the Plaintiff has not compromised his claim. The Plaintiff will receive full compensation of his underlying amount of overtime owed plus an additional equal amount for liquidated damages." *Id.* ¶ 11. Pantas averred that there is no fee agreement or other agreement that could decrease Granger's recovery in this case. *Id.* ¶ 14.

The parties represent that they were represented by counsel throughout the case. Doc. No. 19 at 3. The settlement agreement reflects that Granger consulted with his attorney prior to executing the agreement, and that he knowingly and voluntarily entered into the agreement. Doc. No. 19-2 at 7.

Granger will receive more the amount he claimed to be owed under the FLSA. As Granger has not compromised his claim, the Court need not scrutinize the settlement further to consider whether the payment to Granger's attorney, the hourly rate claimed by Granger's attorney, or the costs claimed by Granger's attorney are reasonable.

*B.      Fairness Finding.*

Granger has not compromised his FLSA claim. Accordingly, I find the settlement is necessarily a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores*, 679 F.2d at 1354. The Court need not approve the other provisions of the settlement agreement. I note that the settlement agreement contains terms that this Court would not approve, such as the confidentiality agreement, which is partially unenforceable in light of the public filing of the agreement. Accordingly, I recommend that the Court not approve the settlement agreement as a whole or reserve jurisdiction to enforce it.

**IV.     RECOMMENDATION.**

Based upon the foregoing, I respectfully recommend that the Court do the following:

1. **FIND** that the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores*, 679 F.2d at 1354;

2. **GRANT** the parties' joint motion for approval of settlement, Doc. No. 19, and **DISMISS** the case with prejudice;

3. **PROHIBIT** counsel for Granger from withholding any portion of the $13,943.00 payable to Granger under the settlement agreement;

4. **ORDER** counsel for Granger to provide a copy of the Court's Order to Granger; and

5. **DECLINE** to reserve jurisdiction to enforce the settlement agreement.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on April 17, 2009.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy